IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ALISON BLEVINS, a minor, by and through
Chris and Leigh Blevins, Natural Parents                                    PLAINTIFFS

V.                                                                          CIVIL ACTION NO. 2:09-CV-151-M-A

EAST TALLAHATCHIE SCHOOL DISTRICT;
WILLIAM H. TRIBBLE; in his official capacity
as superintendent of East Tallahatchie School
District and in his individual capacity; and
RICKY GARVIN, in his official capacity as principal
of Charleston Junior High School and in his individual
capacity                                                                    DEFENDANTS

## ORDER

This cause comes before the court on the motions of defendants to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). The court, having considered the memoranda and submissions of the parties, concludes that the defendants' arguments would best be raised in the context of a motion for summary judgment, and the motions to dismiss will therefore be denied.

Plaintiffs have filed a racially charged complaint in this case which makes serious allegations that employees of the East Tallahatchie School district failed to protect the minor plaintiff in this case from attacks by African-American students.[1] Plaintiff Alison Blevins is a thirteen-year old white female who was, at the time of relevant events, a student at Charleston Junior High School. In their complaint, plaintiffs allege that Allison first became embroiled in

---

[1] In their complaint, plaintiffs accuse a large number of school district employees of having acted based on racial motivations. The court will be interested to learn what proof they might have in support of these accusations.

1

race-based confrontations at her school when she sought to defend a white friend against an attack by black students. Plaintiffs allege that other black students at the school subsequently targeted Allison for attacks and that black officials at the school district failed to adequately punish the black students or otherwise protect her from attacks, due to their own racial biases.

In seeking Rule 12 dismissal, defendants rely upon authority holding that governmental defendants generally have no duty to protect citizens from harm at the hands of private actors. *See, e.g. DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). While *DeShaney* did not involve claims asserted by a student against her school, the Fifth Circuit has applied its holding in that context. In *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995), the Fifth Circuit held that *DeShaney* barred a § 1983 action by a resident student at the Mississippi School for the Deaf who alleged that the school had failed to protect him from sexual assault by a classmate. In finding any federal claims to be barred, the *en banc* Fifth Circuit emphasized that no "special relationship" existed between the school and the student which might serve to give rise to a duty to protect the student from harm by a private actor. Specifically, the Fifth Circuit wrote that:

> In sum, we hold that a "special relationship" arises between a person and the state only when this person is involuntarily confined against his will through the affirmative exercise of state power. Absent this "special relationship," the state has no duty to protect nor liability from failing to protect a person under the due process clause of the Fourteenth Amendment from violence at the hands of a private actor.

*Walton*, 44 F.3d at 1306.

*Walton* is clearly adverse authority for the plaintiffs in this case, and it may ultimately prove to be fatal to their claims. It should be noted, however, that *Walton* involved the granting

2

of a summary judgment motion, rather than a Rule 12 motion to dismiss, and the latter motion is clearly easier for a plaintiff to survive. Moreover, the plaintiffs in this case do not merely allege a negligent failure on the part of school officials to protect Alison from attacks by black students. Rather, plaintiffs allege that Alison was subjected to an unsafe school environment by defendants' repeated failure, based on racial bias, to properly discipline black students. This is clearly a more serious allegation of wrongdoing than was present in *DeShaney* and *Walton,* and it is not clear from the parties' briefing to date whether this distinguishing factor might permit the plaintiffs in this case to succeed where those in *DeShaney* and *Walton* failed.

Before deciding this issue, the court considers it important to first determine whether plaintiffs have any actual proof that the discipline meted out by school officials in this case was based on racial factors. From reading the First Amended Complaint, it is not clear that the allegations of racial animus set forth therein are based on anything more than plaintiffs' subjective perceptions regarding the motivations of school officials. If such is the case, then the court will likely agree with defendants that plaintiffs have failed to raise federal claims in this case. In an integrated school system, it is inevitable that fights between black and white students will occur, and school officials should not have to face federal lawsuits based upon their handling of those fights absent actual proof that they may have violated a student's constitutional rights. At the same time, plaintiffs are not required to produce their proof along with their complaint, and the court concludes that they should first be given a chance to reveal what cards they may be holding in this regard. The court's resolution of these issues would also be assisted by additional briefing regarding whether governmental defendants can be held liable under the Equal Protection Clause of the Fourteenth Amendment (as opposed to the Due Process Clause at issue

3

in *Walton*) based upon allegations similar to those made by the plaintiffs in this case.

The court therefore concludes that a Rule 56 motion for summary judgment is the proper procedural context in which to address the arguments raised by defendants, and the Rule 12 motions to dismiss will be denied. The court is cognizant, however, of the fact that the law favors the resolution of qualified immunity issues at an early stage of the proceedings, and it therefore requests that the magistrate judge set an expedited schedule for discovery and briefing on summary judgment issues.

In light of the foregoing, it is ordered that defendants' motions to dismiss [11-1, 27-1] are denied. Following an expedited discovery period, the parties may re-submit their arguments, as well as any new arguments or relevant proof, in the context of a Rule 56 motion for summary judgment.

SO ORDERED, this the 30th day of September, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**